## PIERING v. DUNHAM MFG. CO.

(Supreme Court, Appellate Term. December 9, 1908.)

1. APPEAL AND ERROR (§ 1004*)—REVIEW—EXCESSIVE DAMAGES—VERDICT—SETTING ASIDE.

 In an action for personal injuries, the question of damages is to be determined by the jury, and the verdict will not be interfered with on appeal unless it is apparently the result of passion or bias or was reached by a disregard of the principles laid down by the court.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

2. DAMAGES (§ 130*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

 Two of the fingers on the left hand of plaintiff, a carpenter and millwright, were severely injured; a splinter of bone being removed from one of them. He visited a hospital for treatment every day for three weeks, and then once a week for two or three weeks longer. He suffered great pain at the time; and continued to suffer during cold weather, and one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.finger became stiff. At the time of the accident he was earning $4 per day, and lost three or four weeks' time. *Held*, that a verdict for $500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–371; Dec. Dig. § 130.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Oswald Piering against the Dunham Manufacturing Company. From an order setting aside a verdict in his favor and granting a new trial, plaintiff appeals. Reversed, and verdict and judgment reinstated.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William E. Weaver, for appellant.

Frank V. Johnson (Allan E. Brosmith, of counsel), for respondent.

GILDERSLEEVE, P. J. The plaintiff in this action was a carpenter and millwright by trade, and was injured while engaged in doing some work in the defendant's factory. The jury have found by their verdict that the plaintiff's injuries were caused through no fault of his, and wholly by reason of the negligence of the defendant in failing to warn the plaintiff of the danger to which he was exposed in performing his work, danger unknown to the plaintiff and known to the defendant whose duty it was to warn the plaintiff thereof. Plaintiff recovered a verdict after trial by a jury for the sum of $500, which was immediately set aside by the trial justice upon the sole ground that the same was excessive.

No claim is made by the respondent that the plaintiff failed in any respect in proving his case, nor that he is not entitled to some compensation for loss of wages, pain, and suffering. Two of his fingers on his left hand were severely injured. He was treated at a hospital, where one of his fingers was put into a plaster cast. He visited the hospital for treatment every other day for three weeks, and then once a week for two or three weeks longer. From one of the fingers a splinter of bone was removed. He suffered severe pain at the time, and during cold weather his hand is still painful and one finger has been stiff ever since the accident which occurred in 1906. He was earning $4 per day at the time, and lost three or four weeks' time; his actual loss in wages being from $72 to $96. The trial of the case seems to have been conducted in a proper and orderly manner. No effort was made by the plaintiff to distort the facts or to excite the sympathy of the jury, and there is no claim made that the verdict is not the result of a calm and careful consideration of the testimony by the jury.

The court expressly charged the jury that:

"If you decide that the plaintiff is entitled to recover, the amount of damages that you are to give him is to be determined entirely by you, having

considered the evidence brought before you as to the damage he has sustained."

No objection or exception was taken to this charge, and the rule thus laid down is the correct one; the jury being limited to the exercise of a sound judgment free from passion or prejudice. We do not think that this rule was violated in the case at bar. It has been repeatedly held that the assessment of damages in a case of this kind is one of the most useful attributes of our jury system, and the rule is almost universal that courts will not interfere with the verdict of a jury unless they can presume that it is the result of passion or bias or reached by a disregard of the principles of law laid down by the court. Nothing of that kind appears in this case. In the case of Koetter v. Manhattan Ry. Co., 59 Hun, 623, 13 N. Y. Supp. 460, 463, the court said:

"If we resort to authorities, it will be found that the general rule is that the jury are to be the exclusive judges of the amount of damages, except in those cases where they follow as a matter of law from facts proven and the result of a mere computation. * * * The law prefers the judgment of twelve men in the jury box to the judgment of one man on the judicial bench."

The same rule was announced in Bierbauer v. Railroad Co., 15 Hun, 564; the court saying:

"It is the prerogative of the jury to pass upon this subject, and their conclusion cannot be disturbed unless it be made to appear, quite manifestly, that the result was reached through passion, partiality, prejudice, or corruption."

As before stated, nothing of the kind appears in the record here, and no claim is made that such is the case, and, when we consider that the free use of both of plaintiff's hands is materially essential to the successful prosecution of his trade, the amount of the verdict cannot be said to be at all excessive.

The order setting aside the verdict should be reversed and the verdict reinstated.

Order reversed, with costs, and the verdict and judgment reinstated.

SEABURY, J., concurs.

MacLEAN, J. (dissenting). As the amount awarded by the jury includes over six times the actual pecuniary loss of the plaintiff who has recovered from the injury, it would seem that the jury awarded the amount because, as is said in jury rooms according to plausible rumor, unless a substantial addition were made to the damages deserved, the portion absorbed by contingent fees would not leave enough for his proper compensation. Setting aside verdict by the justice before whom parties and witnesses appeared and scars were exhibited would well be affirmed.